David G. Bray (# 014346)
david.bray@mwmf.com
Timothy J. Thomason (#009869)
tim.thomason@mwmf.com
David N. Ferrucci
david.ferrucci@mwmf.com
**MARISCAL, WEEKS, MCINTYRE**
    **& FRIEDLANDER, P.A.**
2901 North Central Avenue, Suite 200
Phoenix, Arizona 85012-2705
Phone: (602) 285-5000
Fax: (602) 285-5100

*Attorneys for defendant*
*DNP International, Co., Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| ThermoLife International, LLC, an Arizona limited liability company, <br><br>                 Plaintiff, <br> v. <br><br> DNP International, Co., Inc., a California corporation, <br><br>                 Defendant. | Case No. _____ <br><br> **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED ON DIVERSITY JURISDICTION [28 U.S.C. § 1332]** |

**TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:**

     Defendant, DNP International Corp., Inc. ("DNP"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes this action from the State of Arizona Superior Court for Maricopa County, to the United States District Court for the District of Arizona, and states as follows:

### I.    STATEMENT OF THE CASE

     1.     On September 4, 2012, plaintiff ThermoLife International, LLC ("ThermoLife") commenced an action in the Superior Court for Maricopa County, Arizona, styled *ThermoLife International, LLC v. DNP International, Co., Inc.*, Case No. CV2012-053628 (the "State

Court Action"). Copies of the Complaint and other pleadings served upon or otherwise received by the Defendant in the State Court Action are being filed herewith.

2. The Complaint purports to assert two causes of action which Plaintiff characterizes as follows: (1) Breach of Contract and (2) Breach of the Implied Covenant of Good Faith and Fair Dealing. The Complaint seeks the following relief: (1) contractual damages, (2) pre- and post-judgment interest, and (3) attorney's fees and costs.

## II.     AMOUNT IN CONTROVERSY

3. Although the Complaint does not allege a sum certain amount Plaintiff is seeking, shortly before filing the State Court Action, ThermoLife claimed, among other things, lost profits in the amount of $ 143,148 with respect to a portion of its claims under the "Contract" as that term is defined in ¶ 6 of the complaint. (Affidavit of Timothy J. Martin ("Martin Aff."), attached hereto as Exhibit 1, ¶ 4). A true and correct copy of the August 31, 2012 communication is attached to the Martin Aff. as Exhibit A.

4. Accordingly, the amount in controversy in this case easily exceeds the requisite jurisdictional sum of $75,000.

## III.     CITIZENSHIP OF THE PARTIES

5. Defendant DNP is a California corporation with a principal place of business located at 12802 Leffingwell Ave., Bldg E, Santa Fe Springs, CA 90670.

6. According to paragraph 1 of the Complaint, plaintiff ThermoLife is an Arizona limited liability company with its principle place of business located in Phoenix, Arizona. A limited liability company is a citizen of every state of which its owners or members are citizens for the purposes of diversity jurisdiction. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Pursuant to the public information available to Defendant as provided by the Arizona Secretary of State, ThermoLife's sole member is Ronald L. Kramer ("Kramer"). Martin Aff., ¶ 6. Mr. Kramer's contact information is listed as 1334 E. Chandler Blvd., #5 - D76, Phoenix, Arizona  85048. Martin Aff., ¶ 6. Accordingly,

pursuant to *Johnson,* 437 F.3d at 899, ThermoLife is a citizen of Arizona for the purposes of diversity jurisdiction because its sole member, Kramer, is an Arizona citizen. Attached to the Martin Aff. as <u>Exhibit B</u> is a true and correct copy of the printout of the Corporate Inquiry from the Arizona Corporation Commission Corporate for ThermoLife and well as April 15, 2012 Limited Liability Company Statement of Address Change on file, which support the same.

7. Whether diversity exists is determined at (1) the time the state court action is filed and (2) the time of removal. <u>See</u> *Coury v. Prot,* 85 F.3d 244, 249-50 (5th Cir. 1996). As of September 4, 2012, the date the State Court Action was filed, there was thus complete diversity between the parties.

### IV.  ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

8. Removal of this action is timely. On September 26, 2012, Defendant was served with the Complaint filed in the State Court Action, although DNP's California counsel had received a copy of such pleading by e-mail correspondence transmission on September 5, 2012. According to *Murphy Bros., Inc., v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48, 119 S. Ct. 1322, 143 L.Ed.2d 448 (1999), the time for removal commences on formal service of process "<u>not</u> by mere receipt of the complaint unattended by any formal service." (Emphasis added).

9. Pursuant to 29 U.S.C. § 1446(a) and L.R. Civ. 3.7(b), a true and correct copy of all of the process, pleadings and orders served on Defendant in the State Court Action are attached as <u>Exhibit A</u> to the Affidavit of David G. Bray (the "Bray Aff."), which is attached hereto as <u>Exhibit 2</u>.

10. In accordance with 28 U.S.C. § 1446(d) and L.R. Civ. 3.7(a), Defendant will serve Plaintiff with written notice of the filing of this Notice of Removal, and the Notice of Removal has been filed with the clerk for the Maricopa County Superior Court, State of

Arizona.  A true and correct copy of this Notice of Filing is attached to the Bray Aff. as Exhibit B.

11. For the sole purpose of removal, and without waiving any objection to venue, venue is proper in this judicial district pursuant to 28 U.S.C. § 1441(a), because Maricopa County, Arizona, where the State Court Action is now pending, is within this judicial district.

12. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

## V. CONCLUSION

By this Notice of Removal, Defendant does not waive any defenses or objections they may have to this action.  Defendant intends no admission of fact, law or liability by this Notice of Removal, and expressly reserves all defenses, motions and/or pleas.  Defendant requests that this action be removed to the United States District Court for the District of Arizona, that all further proceedings in the State Court action be stayed, and that Defendant receive all additional relief to which it is entitled.

**RESPECTFULLY SUBMITTED** this 4th day of October, 2012.

**MARISCAL, WEEKS, MCINTYRE & FRIEDLANDER**

By: s/ David G. Bray
David G. Bray
Timothy J. Thomason
David N. Ferrucci
2901 N. Central Avenue, Suite 200
Phoenix, Arizona 85012-2705
*Attorneys for Defendant DNP International, Co., Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

                                                                                       s/ Kristi Arendt

U:\ATTORNEYS\Dgb\DNP International\District Court Pleadings\Notice of Removal of Action to Federal Court (10-4-12 version).doc